184 N. Y. 308.)   Kelly, P. J., Manning, Young and Kapper, JJ., concur; Lazansky, J., dissents and votes to reverse on the ground that upon the record a question of fact is to be determined as to whether the tax was a part of the price, or whether the parties had agreed that the tax was to be remitted to the plaintiff if the defendant should procure the return thereof from the government.

SARAH A. WHEELER, Appellant, v. PETER W. FOY and Others, Respondents.— Judgment reversed on the law and the facts, with costs, and judgment directed in favor of plaintiff, with costs, against defendant Slawson & Hobbs, for the amount of the commission obtained by it upon the sale, and also against defendants Gay Holding Corporation, Showler and Hanlon, for the difference between the sum represented to plaintiff as the purchase price upon the sale of the property and the price obtained by the Gay Holding Corporation from the sale. We are of opinion that upon the undisputed facts the agent and its employees must be held to have dealt with plaintiff's property for their personal profit, and cannot, therefore, retain the benefits derived by them from the transaction. Defendants Stern were innocent purchasers, and are so regarded on this appeal, and they are, therefore, not liable. Findings and conclusions of law inconsistent herewith are reversed, and findings and conclusions of law in conformity with this decision are hereby directed. Jaycox, Young and Kapper, JJ., concur; Kelly, P. J., and Manning, J., dissent and vote to affirm. Settle order on notice.

MATTHEW M. WOODS, Respondent, v. LAWRENCE WEINBERGER, Appellant. BENJAMIN MINDLIN, Defendant.— Judgment modified, and as modified unanimously affirmed, without costs. The findings are amply supported by the evidence. The court found that defendant Weinberger should convey the premises upon being paid the sum of $2,500, together with the amount expended for taxes and interest. The judgment directed such conveyance upon payment of $4,425, without explanation of how the sum was arrived at. If that sum is not agreed upon, the judgment should be modified so as to make the judgment conform to the findings of fact, and for the purpose of ascertaining the amount due Weinberger a provision should be added permitting any party to apply at the foot thereof for further direction in the premises. As Weinberger is actually only satisfying a mortgage, he should only be required to warrant the premises against incumbrances except of his own creation. The judgment should, therefore, be further modified by directing that the deed to be given by him should be a bargain and sale deed, with covenant against grantor, instead of a warranty deed. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur. Settle order on notice.

AUSTIN, NICHOLS & CO., INC., Appellant, v. SAVERIO BARLETTA, Respondent. — Application denied, with ten dollars costs.

AUSTIN NICHOLS & CO., INC., Appellant, v. SAVERIO BARLETTA, Respondent. — Application denied, with ten dollars costs.

CATHERINE BROOKS, Respondent, v. DANDY TOY & NOVELTY CO., INC., Appellant.— Application denied, with ten dollars costs.

MALLY DRATSCHKE, etc., Respondent, v. HARRY BINDER, etc., Appellant.— Application denied, with ten dollars costs.

JULIUS LURIE, Respondent, v. BROOKLYN APARTMENTS CORPORATION and MAX L. KANE, Appellants.— Application denied, with ten dollars costs.

WILLIAM J. McDERMOTT, Respondent, v. WILLIAM JOHNSTON BOOKS, Appellant.— Application granted.